Diaz v Raveh Realty, LLC (2020 NY Slip Op 02541)





Diaz v Raveh Realty, LLC


2020 NY Slip Op 02541


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


11428 26890/15E 43080/16E

[*1]Nimer Diaz, Plaintiff-Appellant,
v
Raveh Realty, LLC, Defendant-Respondent, Jerusalem Carting, Inc., Defendant. [And a Third-Party Action]


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Carol R. Finocchio, New York, for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered February 28, 2018, which denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims as against defendant Raveh Realty, LLC, unanimously modified, on the law, to grant plaintiff partial summary judgment on his Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff, while employed as a carpenter at a construction site owned by defendant Raveh, was injured when he was hit by a heavy 4' x 8' plywood form that fell or was dropped by co-workers who were stripping plywood forms from the cured concrete-poured ceiling. Plaintiff had been instructed to remove plywood form debris from the floor near where co-workers were working on ladders stripping the plywood forms from the ceiling. Defendants' project overseer acknowledged that such plywood forms would be secured by a rope when being removed from near the building's edge, and plaintiff's expert opined that safety devices were required due to the risk that the formwork would fall. At the time of the accident, plaintiff was looking down to clear the debris, so that it is unclear whether he was hit by a dislodged plywood form that a co-worker dropped or tossed, or was hit by a loosened plywood form that simply fell from the ceiling. We find that, in either instance, plaintiff was entitled to partial summary judgment on his Labor Law 240(1) claim.
The type of work being performed — dislodging heavy plywood forms from a newly-constructed concrete ceiling — involved a load that required securing (Gutierrez v 610 Lexington Prop., LLC, 179 AD3d 513 [1st Dept 2020]) and, because plaintiff's injury was the foreseeable consequence of the risk of performing the task without any safety device of the kind enumerated in the statute, he was entitled to partial summary judgment. Raveh's evidence in opposition to [*2]the motion failed to raise triable issues as to the claim.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK